UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 1:10-cr-_24_ |
| v. | ) |
| | ) Judge _Collier_ |
| | ) |
| RYAN BIRT, also known as "Lil R" | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Ryan Birt, and the defendant's attorney, Alan Beard, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

a) Count 1: Being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

The punishment for this offense is as follows:

Count One (18 U.S.C. § 922(g)(1)):

If defendant is not determined to be an Armed Career Criminal, imprisonment for up to ten (10) years; fine of up to $250,000; supervised release for up to three (3) years; any lawful restitution; and a $100 special assessment.

If defendant is determined to be an Armed Career Criminal, a term of imprisonment of not less than fifteen (15) years and up to Life; fine of up to $250,000; supervised release for up to five (5) years; any lawful restitution; and a $100 special assessment.

2. In consideration of the defendant's guilty plea and cooperation, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts (2,3) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

Count 1 (18 U.S.C. § 922(g)(1)):

1. The defendant knowingly possessed a firearm.

2. Prior to that possession, the defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year.

3. The firearm traveled in and affected interstate commerce.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a. For two years, including the time frame charged in Count One of the above-numbered indictment, that is, August 2007 until November 2009, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") had a confidential informant ("CI") inside the Outlaw Motorcycle Club's ("OMC") Chattanooga branch. During that time the defendant was the President of OMC's Chattanooga branch and, thus, had a lot of interaction with the CI. The CI saw the defendant in

2

Case 1:10-cr-00024   Document 20   Filed 08/12/10   Page 2 of 10   PageID #: 35

possession of a Bryco Arms 9mm semi-automatic pistol on several occasions during the charged time frame.

   b. On or about January 12, 2008, the CI and several members of the OMC went to the Full Moon Saloon to celebrate the defendant's birthday. The OMC gave the defendant a new shoulder holster as a birthday gift. A member of the OMC put the defendant's 9mm pistol in the new holster and was going to give it to him at the bar. Another member of the OMC, the club enforcer, said, "what are you going to do, give him that and say, here you go brother, here's your five years?" According to the CI, the OMC decided to give the gun back to the defendant at the clubhouse later that night and did in fact do so.

   c. On or about January 19, 2008, the CI was with the defendant on a trip from Chattanooga to Knoxville. The defendant wore the holster and firearm during that trip. According to the CI, the defendant actually wore the firearm into a BP gas station. When he returned to the car, the defendant said he forgot to take the holster/firearm off, and the clerk looked at him funny.

   d. On or about September 19, 2008, the OMC traveled to Clarksville, TN for a biker event. Before the trip, the defendant put his 9mm pistol in the CI's saddlebags. The defendant did not retrieve the pistol until they returned from Clarksville, and ATF Special Agent Lorin Coppock was able to photograph and identify it as a Bryco Arms, Jennings 9mm which was loaded.

   e. At some point during the ATF's investigation, a cooperating witness provided the ATF with a picture taken on or about August 4, 2007, of the defendant and his wife, and the defendant is wearing the firearm in a shoulder holster.

3

f. On or about August 9, 2009, the defendant again gave the firearm to the CI to put in his saddle bags. ATF again photographed and identified the firearm, which was the same one as mentioned earlier.

g. On November 20, 2009, ATF executed a federal search warrant on the defendant's residence. They recovered a shoulder holster, but no firearm. Another member of the OMC told the CI that he had the gun and tried to return it to the defendant right after the ATF left, but the defendant wouldn't take it at that time. On November 26, 2009, the CI had that OMC member bring the gun to him, which the OMC member did. The CI turned it over to ATF.

h. Prior to August of 2007, the defendant had been convicted of a felony, that is, a crime punishable by a term of imprisonment exceeding one year. Specifically, the defendant had sustained a felony forgery conviction from the state of Ohio in 1986.

i. An ATF expert has examined the firearm that the defendant possessed and determined that it did travel in and affect interstate commerce.

j. All of these events occurred in the Eastern District of Tennessee

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

4

f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. The defendant further agrees to cooperate fully, completely, and truthfully with any and all law enforcement agents and personnel of the United States Attorney's Office. This cooperation includes, but is not limited to, meeting with and being interviewed by such law enforcement agents or personnel of the United States Attorney's Office whenever requested. The

5

defendant further agrees not to protect anyone who was truly involved and not to falsely implicate anyone who was not truly involved in the commission of criminal offenses. The defendant further agrees to testify completely and truthfully before a federal grand jury, at any trial, or at any other proceeding if called upon by the United States to do so. Upon request by the United States, the defendant must furnish all documents, objects and other evidence in the defendant's possession, custody, or control that are relevant to the United States' inquiries. The defendant and defense counsel also knowingly, voluntarily, and intentionally waive the defendant's right (where applicable) to have defense counsel present during the course of cooperation, including questioning or court appearances.

8. To ensure the defendant's truthful cooperation, the United States agrees, except as provided below, not to use any self-incriminating information provided by the defendant pursuant to this written plea agreement against the defendant. However, nothing in this plea agreement shall restrict the use of any information (1) known to the United States prior to entering into this written plea agreement, (2) obtained from any other source, or (3) concerning the defendant's prior criminal record. Should any of the following occur (1) the defendant provides false or misleading information during the course of the defendant's cooperation, (2) the defendant moves to withdraw the defendant's guilty plea, or (3) the defendant breaches any other of the terms of this plea agreement, then the United States may make use of any information provided by the defendant to law enforcement authorities at any time (including any information provided during formal or informal proffer sessions prior to signing this plea agreement, and any information provided after signing this plea agreement) for any purpose in any subsequent proceeding, including grand jury, trial, and sentencing phases of this case or in any other prosecutions or proceedings against the defendant or others. Moreover, if the United States determines at any time (before or after

sentencing) that the defendant has failed to cooperate fully, completely, and truthfully, or otherwise violated any of the terms of this plea agreement, it will be free to withdraw any favorable sentencing motion filed by the United States, including motions filed under U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553.

9. At the time of sentencing, the United States may bring to the Court's attention the nature, extent, and value of the defendant's cooperation so that it may be considered in determining a fair and appropriate sentence under the facts of the case.

10. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

11. The defendant agrees to pay the special assessment in this case prior to sentencing.

12. The defendant agrees that the court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case

7

Case 1:10-cr-00024 Document 20 Filed 08/12/10 Page 7 of 10 PageID #: 40

(including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s).

13. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a)    If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit

report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

        c)    If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

14.    This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

15.    This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be

modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

GREGG L. SULLIVAN
ACTING UNITED STATES ATTORNEY

___8/12/10___  By:  ___[signature]___
Date                  Christopher D. Poole, AUSA

___8/12/10___        ___[signature]___
Date                  Ryan Birt
                      Defendant

___8/12/10___        ___[signature]___
Date                  Allen Beard
                      Attorney for the Defendant

10